NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX MARQUEZ, | No. 22-15422 |
| Petitioner-Appellant, | D.C. No. 3:15-cv-00492-MMD-CLB |
| v. | |
| TIM GARRETT; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted October 6, 2023[**]
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and PREGERSON,[***]
District Judge.

Nevada state prisoner Alex Marquez appeals from the district court's denial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

of his 28 U.S.C. § 2254 habeas petition challenging his convictions for first-degree murder with use of a deadly weapon, attempted robbery with use of a deadly weapon, burglary with use of a deadly weapon, and battery with use of a deadly weapon. We review de novo the district court's denial of habeas relief. *Panah v. Chappell*, 935 F.3d 657, 663 (9th Cir. 2019). Marquez's federal habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which he is entitled to relief only if the State court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. Marquez argues that the State trial court improperly admitted his statements to police because he received inadequate warnings as required by *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). Marquez's trial counsel did not move to suppress his statements or object to trial testimony about Marquez's statements to police.

Under the deferential standard of AEDPA and the Nevada Supreme Court's review for plain error, the Nevada Supreme Court reasonably concluded that, based

2

on the totality of the circumstances, the warnings reasonably conveyed the rights afforded under *Miranda*. *See Duckworth v. Eagan*, 492 U.S. 195, 202-03 (1989) ("We have never insisted that *Miranda* warnings be given in the exact form described in that decision," and "[t]he inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda*.'" (quoting *California v. Prysock*, 453 U.S. 355, 361 (1981) (per curiam))); *see also Fare v. Michael C.*, 442 U.S. 707, 725 (1979) (stating that courts use a "totality-of-the circumstances approach" to determine whether a *Miranda* waiver was voluntary, knowing, and intelligent).

2.    Marquez also argues that his trial counsel was ineffective for failing to move to suppress his statements to police under *Miranda*. At a post-conviction evidentiary hearing, Marquez's trial counsel testified that he did not move to suppress Marquez's statements because (1) he concluded that such a motion would be meritless after reviewing the video of Marquez's police interview; and (2) he wanted to use some of Marquez's statements to police at trial.

The Nevada Court of Appeals reasonably determined that Marquez failed to show that his trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984) (setting forth standard for deficient performance and noting that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance").

3.     We decline to expand the certificate of appealability to address Marquez's uncertified claims that his trial should have been severed from his codefendants' trials and that there was insufficient evidence to support his convictions. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A petitioner seeking a certificate of appealability "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

**AFFIRMED**.